The Honorable Richard Alldritt State Representative, 105th District State Capitol, Room 156-E Topeka, Kansas 66612
Dear Representative Alldritt:
As representative for the 105th district, you request our opinion on whether the Barber County Index's discounted advertisement rate would be considered a violation of the antitrust laws, K.S.A. 50-101 et seq.
A trust is defined as,
 "a combination of capital, skill, or acts, by two or more persons, firms, corporations, or associations of persons, or either two or more of them, for either, any or all of the following purposes: . . . to make or enter into, or execute or carry out, any contract, obligation or agreement of any kind or description by which they shall bind or have to bind themselves not to sell, manufacture, dispose of or transport any article or commodity, or article of trade, use, merchandise, commerce or consumption below a common standard figure; . . ." K.S.A. 50-101.
A letter written by Mr. Kevin Noland of the Gyp Hill Premier reveals the following:
 "The Barber County Index has been selling advertising under their published inch rate for at least 18 months. I have visited with several of my customers about it. Many have come to me and told me that they are paying considerably less, or are getting their advertising for free.
 "Most recently, Brad Forsyth, of Forsyth Furniture, came to me to explain that he wasn't playing favorites when he had an ad in the Index and not our paper. He stated that he was given the space for $20.00. The space was approximately 4 columns by 12 inches deep. At regular price this would run $138.72 (figured at the Index's $2.89 per column inch). In my paper it would have cost $132.00, a very competitive advertisement (figures at our price per column inch, $2.75).
 "I also know for a fact that this same deal was not offered to all the other advertisers in that publication."
Mr. Noland also states that the Barber County Index's practice "seems a little unethical" although he admits that a discount rate up to 30 percent is not uncommon in a newspaper advertisement.
We find no agreement by two or more newspaper companies to fix the price in an attempt to drive the Gyp Hill Premiere out of business. In other words, there is no trust within the definition of K.S.A. 50-101. The Barber County Index is merely cutting the advertising price to certain customers.
The courts have generally recognized that certain pricing practices, even though appearing to fall within the context of "price competition" can be predatory in nature and should be condemned as illegal under section 2 of the sherman antitrust act, 15 U.S.C.A. § 2. However, price cutting, in and of itself, is certainly not unlawful. The United States Supreme Court has commented that price cutting is both a competitive and anti-competitive weapon.
"Price cutting without more is not a violation of the Sherman Act. It is indeed a competitive practice. . . . It may be used in violation of the Act. Thus it may be the instrument of monopoly power to eliminate competitors or to bring them to their knees. But since it is not unlawful per se, facts and circumstances must be adduced to show that it was in purpose or effect employed as an instrument of monopoly power." SchineChain theaters, Inc. v. United States, 334 U.S. 110, 68 S.Ct. 947,92 L.Ed. 1245 (1948).
In Morgan v. Ponder, 892 F.2d 1355 (8th Cir. 1989), owners of a small town newspaper alleged that a competitor newspaper engaged in predatory pricing by discounting advertising rates to merchants in violation of the sherman act.
The U.S. Court of Appeals in Morgan v. Ponder stated:
 "In order to establish a § 2 Sherman Act violation a plaintiff must show that: (1) the defendant possessed monopoly power in the relevant market; (2) the defendant willfully acquired or maintained this monopoly power by anticompetitive conduct." 892 F.2d at 1358.
The Morgan court held that objective cost analysis is the crucial component in a prima facie case of predatory pricing, 892 F.2d at 1360, and concluded that evidence concerning a small town newspaper's advertising charges, which undercut those of competitors, was insufficient to establish that the newspaper engaged in predatory pricing in violation of the sherman act. 892 F.2d at 1356.
Absent the type of evidence referred to in Morgan, it is our opinion that the price cutting described by Mr. Noland is not violative of the antitrust laws.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General